1050 PARK AVENUE CORPORATION, Judgment Creditor, *v.* SHEWARD HAGERTY, Judgment Debtor.

City Court of New York, New York County, January 3, 1934.

*Emanuel Garbson*, for the judgment creditor.

*McLaughlin & Stickles*, for the judgment debtor.

RYAN, J. Two grounds are urged in support of the application; the first is that the judgment debtor violated the restraining clause contained in the order for his examination. The second is that the testimony given by him on his examination was false and evasive as a consequence of which the creditor's rights were impaired.

The question of whether or not the debtor is guilty of contempt rests solely upon his actions and testimony respecting two life insurance policies in which he is the insured. One of the policies is for $5,000, and the other for $20,000. Each policy is payable to a beneficiary other than the assured, and each contains a provision giving the assured the right to change the beneficiary and also permitting the debtor upon application to secure from the insurance company the cash surrender value of the policies or to borrow thereon a sum equal thereto.

The second ground will be considered first. Upon being served with the order for his examination the debtor immediately went to the insurance company and borrowed the sum of $207.85 on the $5,000 policy. When he first appeared for examination a few days later he failed to disclose that he had procured this loan. In fact, after being examined for a time he stated that he would apply to the life insurance company for a loan on his life insurance and if same were secured the creditor would be the first one to be paid. In order to enable him to secure the money to pay the judgment the examination was adjourned. Between the time of his first examination and the adjourned date the debtor applied for and secured a loan of $865.20 on the $20,000 policy. These moneys were expended for his own purposes. When he appeared for examination on the adjourned date he failed to disclose that he had secured this last-mentioned loan or any other sum since the order for examination was served on him. When specifically requested to state if he had received any check from any source within the past sixty days he testified that the only sum he had received was $200 from one Walters. In the meantime he was using part of the money so received for his own purposes and had deposited the balance to his credit with a hotel at which he was living, afterward withdrawing same. It was only after the creditor secured information from the insurance company as to what really had transpired that the debtor admitted he had secured these loans, and even then he refused to admit that he knew when he had received the same. On all prior occasions when questioned respect-

ing loans secured on his life insurance his statement was that he had borrowed about $150, but that he had no idea when it was that such money was borrowed.

From the fact that the debtor requested an adjournment on the first day of the examination upon his promise to endeavor to borrow money to pay the judgment, it is evident that the creditor was lulled into a sense of security and refrained from examining the debtor at greater length respecting his policies and also from taking steps to prevent the debtor from securing any moneys from the insurance company.

The conduct of the debtor throughout the entire proceeding clearly shows that his sole purpose was not, as he led the creditor to believe, to secure moneys to pay the judgment, but by false promises and by evasive and false testimony to hide from the creditor the fact that the debtor was in possession of funds in an amount sufficient to pay the judgment. Had the creditor known, as he would have if the debtor had told the truth, that the debtor had applied for his loan of $865.20, a receiver could have been applied for and the insurance company restrained from paying these moneys over to the debtor, in which case the creditor's judgment would have been satisfied.

The debtor is adjudged in contempt and fined the amount due on the judgment, plus $30 costs, and in addition the sum of $100 to compensate the creditor for his disbursements and the fees for counsel incurred in connection with the conduct of these proceedings. Said fine is to be paid in monthly installments of $100, beginning January 25, 1934.

While it is unnecessary, in view of the above finding, to pass upon the question of whether or not the debtor in procuring the loans upon the policies is guilty of a violation of the injunction order, I am of opinion, in view of the provisions of section 55-a of the Insurance Law, exempting the proceeds and avails of policies from the claims of creditors, that there was no property in the hands of the debtor applicable to the payment of the judgment at the time of the service of the order; that such proceeds became so available only when the debtor, by his act, deprived the beneficiaries of their contingent interest in the policies. As this act occurred after the service of the order upon him, there was no violation of its injunctive provisions.

Submit order accordingly on notice.